RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/13/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RANDY R. CARSON (#119100)** | **DOCKET NO. 13-CV-2774; SEC. P** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **WAYNE MILLUS** | **MAGISTRATE JUDGE KIRK** |

<u>**REPORT AND RECOMMENDATION**</u>

Pro se Plaintiff Randy R. Carson filed the instant civil rights complaint (42 U.S.C. §1983) in the Middle District of Louisiana on August 16, 2013. The case was transferred to this Court on September 30, 2013. An amended complaint was filed on October 31, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections ("DOC"), and he is incarcerated at the Avoyelles Correctional Center (AVC) in Cottonport, La. He seeks the restoration of good time credits and monetary damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Plaintiff's Allegations*

Plaintiff alleges that he was deprived of good time credit without due process of law. In addition to monetary damages, he seeks the restoration of good time, which would provide him with a speedier release from custody.

In 2007, Plaintiff was charged by bill of information in St. Tammany Parish with one count of possession of cocaine, one count

of possession of hydrocodone in combination with one or more active non-narcotic ingredients, one count of possession of oxycodone, and one count of possession of clonazepam. Following a jury trial on all counts, he was found guilty as charged by unanimous verdicts. On each count, he was sentenced to five years at hard labor, with the sentences to run concurrently with each other. His convictions and sentences were affirmed. See State v. Carson, 2009-1577 (La.App. 1st Cir. 2/12/10), 30 So.3d 284, 2010 WL 559731 (unpublished).

On November 3, 2009, while the appeal was pending, a habitual offender bill of information was filed. On January 20, 2010, the defendant received the benefit of diminution of sentence and was "released in the same manner as if on parole[,]" but was ordered to remain within the limits of the Covington District of the Department of Public Safety and Corrections until October 10, 2012. After Plaintiff had completed his sentence, Plaintiff was re-sentenced under the habitual offender proceeding and was re-incarcerated.[1] He was given credit for time served. The Louisiana First Circuit affirmed Plaintiff's convictions and sentences on February 12, 2010.[2] On March 16, 2010, the Trial Court adjudicated

---

[1] Proceedings under a habitual offender bill filed pursuant to LSA-R.S. 15:529.1 need not be completed prior to the time the defendant satisfies the original sentence imposed by the trial court. See State v. Carson, 2011 WL 1103512 (La.App. 1 Cir. 2011).

[2] The Louisiana Supreme Court denied Plaintiff's related and untimely filed writ application on May 20, 2011, without stated reasons. See State ex rel. Carson v. State, 63 So.3d 975 (La. 2011).

Carson to be a second felony offender. The Court re-sentenced Plaintiff on April 13, 2010, on Count Three (possession of oxycodone) to serve nine years as a multiple offender to run concurrently with the other sentences. This judgment was affirmed by the First Circuit on March 25, 2011.

### *Law and Analysis*

Plaintiff alleges that he lost good time credits when he was re-sentenced. He seeks nominal damages and a restoration of good time, which, if granted, would result in a speedier release from custody. **Such relief is not available by way of a civil rights action.** See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir.1997). A *habeas* action is the appropriate federal remedy for a state prisoner challenging the fact or **duration** of his confinement. See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994). Plaintiff claims that his case is properly presented as a civil rights case pursuant to Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997)(Prisoner challenging an unconstitutional condition of confinement or prison procedure that would not automatically result in his accelerated release is properly filed as a civil rights claim). However, he is not challenging a condition of confinement or a prison procedure. In Carson v. Johnson, the plaintiff challenged his placement in administrative segregation, which was preventing him from being eligible for parole. Success on the merits in that case would not

automatically entitle Plaintiff to accelerated release; it would only entitle him to parole eligibility. In this case, however, a favorable determination **would** automatically entitle Plaintiff to a speedier - or immediate - release from custody.

Plaintiff does not show how he is being deprived of good time credits. He earned good time, and he was released on good time on January 20, 2010. Prior to his release, he was charged as a habitual offender; and, after his release, Plaintiff was re-sentenced on one count, which he is now serving. Plaintiff earned and received credit for his good time on the other counts/sentences. Moreover, it is likely that he is no longer entitled to receive good time for the habitual offender conviction. The Louisiana Diminution of Sentence statute provides that "[d]iminution of sentence shall not be allowed an inmate in the custody of the Department of Public Safety and Corrections if any of the following apply: (1) The inmate has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1." La.R.S. 15:571.3(C)(1)[3]. Ultimately, Plaintiff states that, at the very least, he should know why he is being deprived of his good time. The answer is that he is **not** being deprived of his past good time on the eligible sentences.

Additionally, Plaintiff's claim for monetary damages, as well as costs of court, all are barred by Heck v. Humphrey, 512 U.S. 477

---

[3]This provision was previously codified at 15:571.3(C)(2)

(1994), because a grant of any such relief would imply the invalidity of Plaintiff's present incarceration, falling within the exclusive domain of habeas. See Wilkinson v. Dotson, 544 U.S. 74, 80-81 (2005).

Plaintiff received all the process to which he was due at the re-sentencing.

## Conclusion

In summary, Plaintiff's request for restoration of good time (and any such related claims for injunctive relief) is frivolous as such relief is not available by way of a civil rights action. His request for monetary damages is barred by Heck v. Humphrey. Therefore, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

## Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes**

5

his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 13th day of February, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE